**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**UNITED STATES OF AMERICA,**

**v.** **CASE NO. 5: 26-CR-00160-JKP**

**KYLE JAMISON RENAUD**

**ORDER DENYING MOTION TO DISMISS INDICTMENT**

Before the Court is Defendant Kyle Jamison Renaud's Motion to Dismiss the one count Indictment in this case, pursuant to Federal Rule of Criminal Procedure 12, which charges Defendant with violating 18 U.S.C. § 922(g)(1). *ECF No. 25*. The Government filed a Response, (*ECF No. 26*), to which Defendant filed a Reply, (*ECF No. 29*). Defendant argues the Court should dismiss the Indictment because § 922(g)(1) is unconstitutional, both facially and as applied to him, under the Second Amendment standard articulated by the Supreme Court in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). *ECF No. 25*. Defendant also argues 18 U.S.C. § 922(g)(1) violates the Commerce Clause and is void for vagueness. *Id*. Defendant recognizes his Second Amendment facial challenge, as well as his Commerce Clause and vagueness challenges are foreclosed by Fifth Circuit precedent. *Id*. Despite Defendant's contention in the Motion, his as applied challenge is also foreclosed. Accordingly, for the reasons discussed herein, the Court **DENIES** Defendant's motion.

**BACKGROUND**

Defendant is charged with possession of a firearm by a previously convicted felon in violation of 18 U.S.C. § 922(g)(1). *ECF No. 3*.

Because Defendant concedes his facial, Commerce Clause, and vagueness challenges are foreclosed by Fifth Circuit precedent, the Court will only examine Defendant's as applied challenge. *See ECF No. 25* at 1.

**LEGAL STANDARD**

Federal Rule of Criminal Procedure 12 provides "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." Fed. R. Crim. P. 12(b)(1). If a pretrial motion presents a question of law in a case involving undisputed facts, Rule 12 authorizes the court to rule on the motion. *United States v. Flores*, 404 F.3d 320, 325 (5th Cir. 2005); *see* Fed. R. Crim. P. 12(d) (permitting the court to rule on a motion involving factual issues provided the court states its essential findings on the record); *see also, United States v. Hall*, 20 F.3d 1084, 1087 (10th Cir. 1994) ("a pretrial dismissal is essentially a determination that, as a matter of law, the government is incapable of proving its case beyond a reasonable doubt."). Otherwise, the court would waste resources by allowing a case to proceed to trial and later dismissing it based on the same legal argument and facts presented through a pretrial motion. *See Flores*, 404 F.3d at 325.

**ANALYSIS**

The Fifth Circuit's opinion in *United States v. Diaz* is directly on point regarding the approach district courts should take to resolve as applied challenges and supports denial of Defendant's as applied challenge to § 922(g)(1) in this case. 116 F. 4th 458 (5th Cir. 2024). Here, like *Diaz*, the plain text of the Second Amendment covers the conduct prohibited by § 922(g)(1). *Id.* at 467. Therefore, the burden shifts to the government to "demonstrate that regulating [Defendant's] possession of the firearm is consistent with the Nation's historical tradition of firearm regulation." *Id.* To meet its burden, "the government must identify a well-

established and representative historical analogue, not a historical twin." *Id*. "Evidence must be relevantly similar to the challenged law." *Id*. In this case, as in *Diaz*, the government points to "laws (1) focusing on how our Nation punished felons; and (2) disarming certain classes of persons." *Id*.

In assessing predicate offenses under § 922(g)(1), a court "may consider prior convictions that are punishable by imprisonment for a term exceeding one year." *Id*. Defendant's predicate conviction is burglary. *ECF No. 26*.

**A. Defendant's As Applied Challenge to 18 U.S.C. § 922(g)(1)**

To survive Defendant's as applied challenge, "the government must demonstrate that the Nation has a longstanding tradition of disarming someone with a criminal history analogous to [Defendant's]." *Diaz*. 116 F.4th at 467. Defendant's as applied challenge is foreclosed. *United States v. Schnur*, 132 F.4th 863, 871 (5th Cir. 2025).

**B. Facial Challenge**

Defendant also brings a facial challenge to § 922(g)(1). As the *Diaz* Court recognized, in a facial challenge, "the challenger must establish that no set of circumstances exists under which the statute would be valid." *Diaz*, 116 F.4th at 471-472 citing *United States v. Salerno*, 481 U.S. 739, 745 (1987). Because § 922(g)(1) is constitutional as applied to the facts of his own case, Defendant's facial challenge fails. *Id. citing United States v. Rahimi*, 602 U.S. 693 (2024).

**C. Commerce Clause Challenge**

Turning to Defendant's remaining challenge, Fifth Circuit precedent forecloses Defendant's Commerce Clause argument. The Fifth Circuit has consistently rejected Commerce Clause arguments to § 922(g)(1). *See, e.g.*, *United States v. Alcantar*, 733 F.3d 143, 145 (5th Cir. 2013); *United States v. Nichols*, 2022 WL 5401942, at *1 (5th Cir. Oct. 6, 2022) (per curiam),

*cert. denied*, 143 S. Ct. 827 (2023). As such, Defendant's Commerce Clause argument fails and his motion in this regard is therefore denied.

**D. Vagueness**

Finally, Defendant's vagueness challenge is foreclosed by *United States v. Landrum*, 168 F.4th 771, 774–75 (5th Cir. 2026). The Court here need not discuss this matter further.

**CONCLUSION**

Based on binding Fifth Circuit precedent, Defendant's challenges to § 922(g)(1) are foreclosed, and the Court **DENIES** his Motion to Dismiss, (*ECF No. 25*).

It is so ORDERED.
SIGNED this 15th day of October, 2026.

JASON PULLIAM
UNITED STATES DISTRICT JUDGE